UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


THE MARINA CLUB OF TAMPA a/k/a                    Case No.:
THE MARINA CLUB OF TAMPA
CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

Defendant.

_____/

**COMPLAINT FOR BREACH OF CONTRACT**
**(STANDARD FLOOD INSURANCE POLICY - RCBAP)**
**(Building B - Date of Loss September 4, 2024)**

Plaintiff, THE MARINA CLUB OF TAMPA a/k/a THE MARINA CLUB OF TAMPA

CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), by and through undersigned counsel, sues

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Defendant" or

"Philadelphia"), and alleges as follows:

**I. JURISDICTION AND VENUE**

1.   This is an action for breach of contract seeking covered flood insurance benefits owed

under a Standard Flood Insurance Policy—Residential Condominium Building Association Policy

("SFIP/RCBAP") issued pursuant to the National Flood Insurance Program ("NFIP"). The SFIP is

a codified federal regulation and is governed exclusively by federal law.

2.   This Court has original, exclusive jurisdiction over this action pursuant to 42 U.S.C. § 4072

and 28 U.S.C. § 1331.

3.   Venue is proper in this District because the insured property that is the subject of this action

is located within this District, and the insured flood loss occurred within this District.

## II. THE PARTIES

4.   Plaintiff is a Florida not-for-profit condominium association and is the named insured under the SFIP/RCBAP at issue.

5.   Defendant is a Write-Your-Own ("WYO") insurance carrier participating in the NFIP and issued the SFIP/RCBAP at issue as a fiscal agent of the United States, responsible for adjusting, paying, and defending SFIP claims subject to federal law and the SFIP's terms.

## III. THE POLICY, BUILDING, LOSS, AND CLAIM

6.   Defendant issued Standard Flood Insurance Policy ("SFIP") No. 1805802522, also identified as Company Policy No. 18058025222021 (the "Policy"), a Residential Condominium Building Association Policy ("RCBAP"), providing Coverage A (Building Property) for Building B located at 2424 W. Tampa Bay Blvd., Tampa, Florida (the "Insured Property"). (Ex. B-1).

7.   The Policy provides Building Property limits of insurance of $5,250,000.00 with a $2,000.00 deductible (Coverage A). (Ex. B-1).

8.   On or about September 4, 2024 (the "September 4 Loss"), a flood event caused direct physical loss to Building B and covered building property at the Insured Property.

9.   Defendant opened and adjusted a flood claim for the September 4 Loss assigned Claim/File No. 543568.

10. This action seeks only SFIP/RCBAP benefits for Building B arising from the September 4, 2024 flood loss (Claim/File No. 543568). This limitation is included solely for pleading clarity and is not intended to waive, release, impair, or otherwise affect any rights or claims Plaintiff may have regarding any other building, loss, or claim file.

### IV. CONDITIONS PRECEDENT, COMPLIANCE, AND TIMELINESS

11. Plaintiff provided notice of the September 4 Loss, cooperated with Defendant's investigation, submitted a signed and sworn Proof of Loss dated October 28, 2024, in the net amount of $418,325.10 (Ex. B-2), and has satisfied all applicable SFIP/RCBAP post-loss obligations required to file suit and pursue recovery for this claim.

12. To the extent Plaintiff continues to supplement the claim file with additional documentation as it becomes available and/or upon reasonable request, including invoices and supporting records, such supplementation is not alleged as a condition precedent to suit and does not diminish that Plaintiff has satisfied all conditions precedent required for recovery and suit.

13. Defendant issued written correspondence dated March 27, 2025, stating it had completed its review of the September 4 Loss claim and determined Plaintiff was owed $232,350.42 (building) under the Policy (reflecting a prior $50,000.00 building payment, application of the $2,000.00 deductible, and an additional building payment of $182,350.42), and further rejecting Plaintiff's signed Proof of Loss in part and denying payment of the rejected amount. (Ex. B-3, as presently available to Plaintiff).

14. Plaintiff presently possesses only the first page of Defendant's March 27, 2025 correspondence in its records; upon receipt of any additional page(s) and/or attachments comprising the complete correspondence, Plaintiff will promptly supplement Exhibit B-3.

15. This action is timely as to the September 4 Loss because it is filed within one (1) year of Defendant's written denial or partial denial for Claim/File No. 543568, including Defendant's March 27, 2025 correspondence, as required by the SFIP and 42 U.S.C. § 4072. (Ex. B-3, as presently available to Plaintiff).

16. All conditions precedent to the filing of this action have occurred and have been

performed.

## COUNT I – BREACH OF CONTRACT (SFIP/RCBAP)
### (September 4, 2024 Loss – Building B – Claim/File No. 543568)

17. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

18. The September 4 Loss is a covered flood loss under the SFIP/RCBAP, subject to the SFIP's terms, conditions, exclusions, limitations, deductibles, and limits of insurance.

19. Plaintiff satisfied the SFIP obligations required to recover covered benefits for the September 4 Loss, including timely notice, cooperation, and submission of a signed Proof of Loss as required.

20. Defendant breached the SFIP/RCBAP by failing and refusing to pay Plaintiff the full amount of covered benefits owed for the September 4 Loss to Building B, including by rejecting Plaintiff's Proof of Loss in part and denying payment of the rejected amount, and otherwise underpaying covered amounts due under the SFIP/RCBAP.

21. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages consisting of unpaid covered policy benefits due and owing under the SFIP/RCBAP for the September 4 Loss to Building B, subject to the SFIP's deductible, limits, and other applicable terms, conditions, exclusions, and limitations.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendant on Count I as follows:

A. Award Plaintiff all unpaid covered policy benefits due under the SFIP/RCBAP for the September 4 Loss to Building B, subject to the Policy's deductible, limits, terms, and conditions;

B. Award Plaintiff taxable costs;

C. Award pre-judgment and post-judgment interest only to the extent permitted by applicable federal law; and

D. Grant such other and further relief as the Court deems just and proper under governing federal law.

DATED this 15th day of February, 2026.

Respectfully submitted,

By: */s/ Scott M. Rosso*
Scott M. Rosso, Esq.
Florida Bar No. 505757
**ROSSO LEGAL, P.A.**
8403 Pines Blvd. #1243
Pembroke Pines, FL 33024
Office: 954-306-1200
Cell: 954-260-5971
Primary Email: smr@rossolegal.com
Secondary Email: paralegal@rossolegal.com